JESSE A. P. BAKER (BN 13418)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385
E-mail: pdmutecf@piteduncan.com

Attorneys for M&T BANK

UNITED STATES BANKRUPTCY COURT

DISTRICT OF UTAH

| In re | Bankruptcy Case No. 12-31819 |
|---|---|
| HOSSEIN REZAIAN AND AFAGH MOHAMMADREZA, | Chapter 13 |
| Debtors | OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND PROOF OF SERVICE THEREON |
| SSN: XXX-XX-5390<br>XXX-XX-1738 | CONFIRMATION HEARING:<br>DATE:    November 27, 2012<br>TIME:    10:00 a.m.<br>CTRM:   369 |

M&T BANK[1] (hereinafter "Creditor"), secured creditor of the above-entitled Debtors, Hossein Rezaian and Afagh Mohammadreza (hereinafter "Debtors"), hereby objects to the Chapter 13 Plan filed by Debtors in the above-referenced matter. M&T Bayview acts as the servicing agent for Creditor. The basis of the objection is stated below:

**I.**

**STATEMENT OF FACTS**

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

P1

1. On or about February 25, 2005, Debtors, for valuable consideration, made, executed and delivered to Pardon Enterprises, Inc, a California Corp, D/B/A a Promissory Note in the principal sum of $150,500.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments. A copy of the Note is attached hereto as **exhibit A** and incorporated herein by reference.

2. On or about February 25, 2005, Debtors made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Creditor a security interest in certain real property located at 4659 S State St, Murray, Utah 84107 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on March 2, 2005, in the official records of the Salt Lake County Recorder's office. A copy of the Deed of Trust is attached hereto as **exhibit B** and incorporated herein by reference.

3. Subsequently, all right, title and interest under the Note and Deed of Trust was assigned to Creditor. A copy of the Corporation Assignment of Deed of Trust is attached hereto as **exhibit C** and incorporated herein by reference.

4. On or about September 14, 2012, Debtors filed a Chapter 13 bankruptcy petition. Debtors' Chapter 13 Plan provides for payments to the Trustee in the sum of $270.00 per month for sixty (60) months However, the Debtors' Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears.

5. Creditor is in the process of finalizing is Proof of Claim in this matter. The estimated pre petition arrearage on Creditor's secured claim is in the sum of $2,881.89.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtors.

## II.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

**A.** **DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

Amount of Arrearage Not Correct. The pre-petition arrears specified in the Chapter 13 Plan are $0.00. The actual pre-petition arrears equal $2,881.89, based on Creditor's Proof of Claim. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtors' Chapter 13 Plan be denied;

2. That Debtors' case be dismissed;

3. Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding 36 months; and

4. Alternatively, that the Plan be amended to reflect that Creditor maintains a fully secured claim which is subject to an Adequate Protection Order requiring the Debtors to maintain current Plan payments to the Chapter 13 Trustee; and

5. For such other and further relief as this Court deems just and proper.

DATED:    November 13, 2012            PITE DUNCAN, LLP


                                       /s/ JESSE A. P. BAKER
                                       Attorneys for M&T BANK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 13, 2012, copies of the OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN were duly served by depositing the same in the United States mail, postage pre-paid, to the following, as addressed:

Hossein Rezaian
Afagh Mohammadreza
14029 So. Candy Pull Drive
Draper, UT 84020

Justin O. Burton
Rulon T. Burton & Assoc.
6000 South Fashion Blvd.
Murray, UT 84107
Debtor Attorney

Kevin R. Anderson
405 South Main Street
Suite 600
Salt Lake City, UT 84111
Chapter 13 Trustee

U.S. Trustee
Ken Garff Bldg.
405 South Main Street
Ste 300
Salt Lake City, UT 84111

Shabram Rezaian
14029 So. Candy Pull Drive
Draper, UT 84020

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on November 13, 2012, at San Diego, California.

/s/ ARLEEN M. CAMPBELL

-4-