Russell G. Evans (7192)
Justin O. Burton (6506)
**RULON T. BURTON & ASSOCIATES**
Attorney for Debtors(s)
6000 South Fashion Blvd.
Murray, Utah 84107
(801) 288-0202

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| In Re: | Case No. 12-31819 RKM |
|---|---|
| Hossein Rezaian<br>ssn xxx-xx-5390<br>Afagh Mohammadreza<br>ssn xxx-xx-1738 | Chapter 13<br><br>(Filed Electronically) |
| Debtors. | |

### PRECONFIRMATION MOTION TO MODIFY CHAPTER 13 PLAN AND TO CONFIRM SUCH PLAN <u>WITHOUT</u> NOTICE OR HEARING

Under 11U.S.C. § 1323, the Debtors hereby modify the most-recently filed Chapter 13 plan and moves the court for confirmation of the plan as modified without further notice and hearing. In support thereof, the Debtors represent as follows:

1.  The most recently-filed plan is hereby modified as follows:

| Section | Previously-Filed Plan Provision | Plan as Modified |
|---|---|---|
| 1(a) | <u>Monthly Payments:</u><br>Debtors shall pay $270 per month to the Chapter 13 Trustee until completion of the plan. Such Payments are due on the 25th day of each month. | <u>Monthly Payments:</u><br>Debtors shall pay **$445** per month to the Chapter 13 Trustee beginning **December 25, 2012** until completion of the plan. Such Payments are due on the 25th day of each month. |

| | | |
|---|---|---|
| 3 | Return to Allowed Nonpriority Unsecured Claims: Pot Plan: Not less than $2,250 to be distributed pro rata among allowed nonpriority unsecured claims. | Return to Allowed Nonpriority Unsecured Claims: Pot Plan: Not less than $7,273 to be distributed pro rata among allowed nonpriority unsecured claims. |
| 6(a) | Motion to Value Collateral: RC Willey for appliances with FMV of $4,000 at 6% interest from confirmation, $40 per month adequate protection payments for 12 months then $78 per month thereafter. | Motion to Value Collateral: RC Willey moved to section 6(b) |
| 6(b) | Secured Claims not Subject to 11 U.S.C. § 506: | Secured Claims not Subject to 11 U.S.C. § 506: RC Willey for appliances with a claim in the amount of $5,333.57 at 6% interest from confirmation, $40 per month adequate protection payments for 10 months then $147 per month thereafter. |
| 6(d) | Curing Defaults and Postpetition Payments: | Curing Defaults and Postpetition Payments: adding: M & T Bank for the commercial building in Murray, UT with an arrearage in the amount of $2,881.89 |
| 6(e) | Surrender of Collateral: | Surrender of Collateral: adding: PNC Mortgage for the real property at 4629 Brown Street, Murray UT. The Debtor surrenders the above collateral to the secured creditor. Upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such collateral, and the Debtor will immediately make the collateral available for repossession by the creditor. If the surrender is in full satisfaction of the claim, no unsecured deficiency claim will be allowed, and the Trustee shall not disburse on such claim. If the surrender is in partial satisfaction, the creditor will have 180 days from the confirmation hearing date to file an amended claim for an unsecured deficiency or such creditor's claim will be deemed paid in full. If neither full nor partial satisfaction is designated, surrender is deemed in partial satisfaction of the claim. |

| 6(f) | Direct Payments by Debtors on Claims Secured by Personal Property: M&T Mortgage for the commercial building in Murray, UT<br><br>PNC Mortgage for real property at 4629 Brown Street, Murray UT | Direct Payments by Debtors on Claims Secured by Personal Property: M&T Mortgage **is moved to section 6(d)**<br><br>PNC Mortgage **is moved to section 6(e)** |
|---|---|---|

2. The modification does not negatively impact secured, priority, or nonpriority unsecured creditors because the modification increases the monthly payment so that the plan pays all provided-for claims within 60 months, increases the return to nonpriority unsecured claims to satisfy the requirements and provides for the correct treatment as to RC Willey, M&T Bank and PNC Mortgage.

3. Under § 1323(dc), any holder of a secured claim that has accepted or rejected the prior plan is deemed to have accepted or rejected, as the case may be, the plan as modified, unless the modification provides for a change in the rights of such holder from what such rights were under the plan before modification, and such holder changes such holder's previous acceptance or rejection.

THEREFORE, because the modification does not require notice to creditors, the Debtor requests the court to confirm the plan as modified without further notice or hearing.

DATED: November 21, 2012

Justin O. Burton, of and for
**Rulon T. Burton & Associates**

## MAILING CERTIFICATE

Under penalty of perjury, I hereby certify that on __Nov 21st__ 2012, I caused to be delivered electronically via ECF and/or mailed, postage prepaid, a true and correct copy of the **PRECONFIRMATION MOTION TO MODIFY CHAPTER 13 PLAN AND TO CONFIRM SUCH PLAN WITHOUT NOTICE OR HEARING** to the following:

Kevin R. Anderson, Chp. 13 Trustee, via ECF

Hossein Rezaian
Afagh Mohammadreza
14029 South Candy Pull Drive
Draper, UT 84020

RC Willey Home Furnishings
PO Box 65320
SLC, UT 84165-0320

M&T Bank
PO Box 1302
Buffalo, NY 14240-1302

PNC Mortgage
PO Box 1820
Dayton, OH 45401

Jesse A.P. Baker
Pite Duncan, LLP
PO Box 17933
San Diego, CA 92177-0933

_____
Mailing Clerk