Jesse A. P. Baker (BN 13418)
jbaker@piteduncan.com
Arnold L. Graff (BN 13527)
agraff@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile:  (619) 590-1385

Attorneys for *Movant*
M&T Bank

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH - SALT LAKE CITY

| | |
|---|---|
| In re:<br><br>HOSSEIN REZAIAN AND AFAGH MOHAMMADREZA,<br><br>Debtors.<br><br>4659 S State St<br>Murray, UT 84107<br><br>SSN/ITIN: XXX-XX-5390 and XXX-XX-1738 | Bankruptcy Case No. 12-31819-RKM<br><br>Chapter 13<br><br>**[FILED ELECTRONICALLY]** |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

M&T Bank[1] ("<u>Movant</u>") moves this court for an order terminating the automatic stay of 11 U.S.C. § 362(a) as to the real property located at 4659 S State St, Murray, Utah 84107 (the

---

[1] This motion shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

"Property"). This motion is supported by the points and authorities cited herein and the record currently before the court.

## I. FACTUAL AND PROCEDURAL SUMMARY

On or about February 25, 2005, Hossein Rezaian and Shahram Rezaian ("Borrowers") executed a promissory note in the principal sum of $150,500.00 (the "Note"), which was made payable to Pardon Enterprises, Inc, a California Corp, d/b/a Metwest Commercial Lender. A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

The Note is secured by a deed of trust (the "Deed of Trust") encumbering the Property.[2] A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

The Deed of Trust was assigned to Movant. A copy of the Assignment of Deed of Trust is attached hereto as **Exhibit C** and incorporated herein by reference.

On September 14, 2012, Hossein Rezaian and Afagh Mohammadreza ("Debtors") commenced this case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code.

A default exists under the Loan for failure to make payments due and owing under the Note and Deed of Trust.

Good through July 22, 2013, the post-petition arrearage owed under the Note and Deed of Trust is as follows:

| PAYMENTS | | | |
|---|---|---|---|
| **Number of Payments** | **Payment Amount** | **Payment Dates** | **Total** |
| 4 | $1,754.33 | 4/1/2013 to 7/1/2013 | $7,017.32 |
| **Total Post-Petition Payments good through July 22, 2013:** | | | **$7,017.32** |

/./././

/./././

/./././

---

[2] The Note and Deed of Trust are collectively referred to herein as the "Loan."

An additional payment will come due on August 1, 2013, and on the 1st day of each month thereafter until the Loan is paid in full.

Good through July 22, 2013, the total amount owed under the Note is approximately $108,989.11.

## II.   LEGAL ARGUMENT

**A.   MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

Section 362(d)(1) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1) (emphasis added). Cause includes a debtor's lack of equity in a property, a debtor's failure to make post-petition mortgage payments, and inadequate protection of a creditor's interest in the property. *See In re Binder,* 224 B.R. 483, 491 (Bankr. D. Colo. 1998); *see also In re Ellis*, 60 B.R. 432 (9th Cir. BAP 1985).

Pursuant to Debtors' Chapter 13 Plan, Debtors are obligated to make all post-petition payments due and owing under the Note. Debtors' failure to tender the post-petition mortgage payments due and owing under the note, as detailed herein, constitutes "cause" to terminate the automatic stay. Based upon the foregoing, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

/././

/././

/././

/././

B.   **MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(2)**

Section 362(d)(2) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization…

11 U.S.C. § 362(d)(2). For purposes of Section 362(d)(2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it*. *In re 3H River Turf Farm, LLC*, 414 B.R. 751, 754 (Bankr. D. Utah 2009) (emphasis added). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, *even where the debtor can provide adequate protection under Section 362(d)(1). In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980) (emphasis added); *see also In re White*, 216 B.R. 232, 236 (Bankr. S.D.Ohio 1997) (noting that the presence of an equity cushion in property is irrelevant to the analysis under section 362(d)(2)). Bankruptcy laws do not grant debtors the right to remain in a property which they cannot afford and for which they are not paying. *In re Kornhauser*, 184 B.R. 425, 428 (Bankr. S.D.N.Y. 1995).

/./../

/./../

/./../

/./../

/./../

Movant is informed and believes, based on the Debtors' sworn bankruptcy schedules, that the fair market value of the Property is approximately $88,650.00.[3] Copies of Debtors' Schedules "A" and "D" are collectively attached hereto as **Exhibit D** and incorporated herein by reference. Taking into account all of the liens encumbering the Property and the reasonable costs associated with the sale of the Property, Movant maintains that Debtors' and/or the estate's equity in the Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $88,650.00 |
| Less: | |
| Movant's Trust Deed | $108,989.11 |
| Equity in the Property: | $(20,339.11) |

As there is little to no equity in the Property for the benefit of the bankruptcy estate, the Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

### III.    CONCLUSION

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1.    Terminating the automatic stay of 11 U.S.C. 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2.    Permitting Movant to offer and provide Debtors' with information re: a potential forbearance agreement, short sale, deed in lieu, loan modification, refinance agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtors without further order of the court;

---

[3] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure, Movant requests that the Court take judicial notice of the DEBTOR'S/DEBTORS' sworn bankruptcy schedules filed in this case.

      3.      Permitting Movant to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant motion by adding these amounts to the outstanding balance due under the Note, as allowed under applicable non-bankruptcy law; and

      4.      Granting Movant such other and further relief as the court deems just and proper.

Respectfully submitted,

**PITE DUNCAN, LLP**

Dated: August 21, 2013            /s/ Jesse A. P. Baker
JESSE A. P. BAKER
Attorney for *Movant* M&T Bank

## CERTIFICATE OF MAILING

I hereby certify that on August 21, 2013, I mailed a copy of the foregoing Motion and all exhibits to the following:

**DEBTORS**
Hossein Rezaian
Afagh Mohammadreza
14029 So. Candy Pull Drive
Draper, UT 84020

**DEBTORS' ATTORNEY**
**(via electronic notice)**
Justin O. Burton
Rulon T. Burton & Assoc.
6000 South Fashion Blvd.
Murray, UT 84107

**TRUSTEE**
**(via electronic notice)**
Kevin R. Anderson
405 South Main Street
Suite 600
Salt Lake City, UT 84111

**U. S. TRUSTEE**
**(via electronic notice)**
U.S. Trustee
Ken Garff Bldg.
405 South Main Street
Ste 300
Salt Lake City, UT 84111


Dated: August 21, 2013            /s/ CYNTHIA FOGAL            __
                                  Cynthia Fogal