| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 | Hossein Rezaian |
| Debtor 2 | Afagh Mohammadreza |
| United States Bankruptcy Court for the: District of Utah (Salt Lake City) | |
| Case number | 12-31819 |

Official Form 410S1

# Notice of Mortgage Payment Change

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of Creditor:** JP Morgan Chase Bank N.A.

**Last 4 digits** of any number you use to identify the debtor's account: 7717

**Court claim no.** (if known): 

**Date of payment change:** 09/01/2016
Must be at least 21 days after date of this notice

**New total payment:** $1,373.83
Principal, interest, and escrow, if any

## Part 1: Escrow Account Payment Adjustment

**1. Will there be a change in the debtor's escrow account payment?**

☑ No

☐ Yes    Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law.
Describe the basis for the change. If a statement is not attached, explain why:

Current escrow payment: _____    New escrow payment: _____

## Part 2: Mortgage Payment Adjustment

**2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate in the debtor's variable-rate note?**

☑ No

☐ Yes    Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law.
If a notice is not attached, explain why:

Current interest rate: _____    New interest rate: _____
Current principal and interest payment: _____    New principal and interest payment: _____

179929-7c50204d-b688-4911-a851-484028815191-

**Part 3:** **Other Payment Change**

3. Will there be a change in the debtor's mortgage payment for a reason not listed above?

☐ No
☑ Yes    Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (Court approval may be required before the payment change can take effect.)

Reason for change:    Per court order approving the loan modification, the effective date of the payment change is retroactive and falls before the date of this notice.

Current mortgage payment:    $1,501.91    New mortgage payment:    $1,373.83

**Part 4:** **Sign Here**

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

Check the appropriate box:
☑    I am the creditor.
☐    I am the creditor's authorized agent.

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

✗ /s/ Willie Toney    Date 09/07/2016
Vice President

Print: Willie Toney    Title    Vice President

Company    JPMorgan Chase Bank, N.A.    Specific Contact Information:
Address    Chase Records Center  Attn: Correspondence Mail    Phone: 866-243-5851
Mail Code LA4-5555  700 Kansas Lane    Email: willie.c.toney@jpmorgan.com
Monroe, LA 71203

179929-7c50204d-b688-4911-a851-484028815191-

## UNITED STATES BANKRUPTCY COURT

District of Utah (Salt Lake City)

Chapter 13 No. 12-31819

Judge: R. Kimball Mosier

In re:

Hossein Rezaian and Afagh Mohammadreza

Debtor(s).

## CERTIFICATE OF SERVICE

I hereby certify that this Notice, including all attachments, is being served via filing with the US Bankruptcy Court's CM ECF system on September 08, 2016 and/or by providing a copy of this document to a vendor on September 08, 2016 for mailing the same day by U.S. Postal Service First Class Mail Postage Prepaid to:

Debtor:　　Hossein Rezaian
　　　　　Afagh Mohammadreza
　　　　　14029 So. Candy Pull Drive
　　　　　Draper, UT 84020

Debtor's Attorney:　　Justin O. Burton
　　　　　Rulon T. Burton & Assoc.
　　　　　6000 South Fashion Blvd.
　　　　　Murray, UT 84107

Trustee:　　Lon Jenkins tr
　　　　　405 South Main Street
　　　　　Suite 600
　　　　　Salt Lake City, UT 84111

　　　　　　　　　　　　　　　　　　　　　/s/ Willie Toney
　　　　　　　　　　　　　　　　　　　　　Vice President

179929-7c50204d-b688-4911-a851-484028815191-

# JPMC Separation Page

Printed @: LLN

## Loan Info:

| | |
|---|---|
| Customer ID: | **JPMC-PRIME** |
| Loan Number: | ■■■■■■ |
| LOB: | **CHASE** |
| Borrower Name: | **HOSSIEN REZAIAN** |
| Property Address: | **14029 S CANDY PULL DR DRAPER   UTAH   84020** |

**Recordable?  N**

**MERS?  N**

## To:

Borrower Name: **HOSSIEN REZAIAN**

Mailing Address: **14029 S CANDY PULL DR DRAPER   UTAH   84020**

## From: **CHASE**

**Countersignature Date:  08-19-2016**

**Borrower Sig Date:    08-05-2016**

**Package Type:**
**BAU_FHLMCSTDMOD_FINAL_COUNTERSIGN**

Number of Envelopes:  0          *** Needs Countersignature ***







# USPS

**STANDARDMAIL**

Ship Date: **AUGUST 19, 2016**

Loan Number ▮▮▮▮▮▮



Chase
710 South Ash Street, Suite 200
MS: FHLMCSTDMOD CS 07
Glendale, CO 80246-1989

August 19, 2016

HOSSIEN REZAIAN AND AFAGH MOHAMMADREZA
14029 S CANDY PULL DR
DRAPER, UTAH 84020

**Here's your Loan Modification Agreement**

Account: ▮▮▮▮▮▮
Property Address:   14029 S CANDY PULL DR
                    DRAPER, UTAH 84020

Dear HOSSIEN REZAIAN AND AFAGH MOHAMMADREZA:

We're writing about the modification of your loan.

You've completed all of the requirements for a permanent modification of your loan. We've enclosed a signed copy of the Loan Modification Agreement for your records.

If you have any questions, please call us at one of the numbers below Monday through Thursday from 8 a.m. to midnight, Friday from 8 a.m. to 10 p.m. and Saturday from 8 a.m. to 1 p.m. Eastern Time.

Sincerely,

Chase
1-866-550-5705
1-800-582-0542 TTY
www.chase.com

Esta comunicación contiene información importante acerca de la cuenta. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-866-550-5705, de lunes a jueves de 8 a.m. a la medianoche, viernes de 8 a.m. a 10 p.m. y sábados de 8 a.m. a 1 p.m., hora del Este.

Page 1 of 2                                                                 CR43862



Loan Number █████

Enclosed:
- Signed Loan Modification Agreement

## Important Legal Information

To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance with non-bankruptcy law and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. Nothing in this letter (including our use of the words "your," "loan," "mortgage," or "account") means that you're required to repay a debt that's been discharged. Any payment you make on the account is voluntary, but we may still have rights under the security instrument, including the right to foreclose on the property.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.



Loan Number ▮▮▮▮▮▮

# LOAN MODIFICATION AGREEMENT

Borrower ("I")[1]: **HOSSIEN REZAIAN and AFAGH MOHAMMADREZA**
Lender ("Lender"): **JPMORGAN CHASE BANK, N.A.**
Date of First Lien Security Instrument ("Mortgage") and Note ("Note"): **NOVEMBER 22, 2011**
Loan Number: ▮▮▮▮▮▮ ("Loan")
Property Address: **14029 S CANDY PULL DR, DRAPER, UTAH 84020** ("Property")

If my representations in Section 1 continue to be true in all material respects, then the provisions of Section 2 of this Loan Modification Agreement ("Agreement") will, as set forth in Section 2, amend and supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage. The Mortgage and Note together, as may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement have the meaning given to them in the Loan Documents.

I have provided confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement. This Agreement will not take effect unless and until the Lender signs it.

1. **My Representations.** I represent to the Lender and agree:
   A. I am experiencing a financial hardship and, as a result, am either in default under the Loan Documents or a default is imminent.

   B. The Property is neither in a state of disrepair, nor condemned.

   C. There has been no change in the ownership of the Property since I signed the Loan Documents.

   D. I am not a party to any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action.

   E. I have provided documentation for all income that I earn.

   F. All documents and information I provide pursuant to this Agreement are true and correct.

2. **The Modification.** The Loan Documents are hereby modified as of **SEPTEMBER 01, 2016** ("Modification Effective Date"), and all unpaid late charges are waived. The Loan Documents will be modified, and the first modified payment will be due on the date set forth in this Section 2:

   A. The Maturity Date will be: **AUGUST 01, 2056**.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) and may include amounts toward taxes, insurance, or other assessments. The new principal balance of my Note is **$205,508.10** ("New Principal Balance").

   C. The Interest Bearing Principal Balance will re-amortize over **480** months.

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa, where appropriate.

CR43862
WF026

LOAN MODIFICATION AGREEMENT - ver. 07_21_2016_11_01_19

(page 1 of 6 pages)

Loan Number ▓▓▓▓▓▓▓

Interest will begin to accrue as of **AUGUST 01, 2016**. The first new monthly payment on the New Principal Balance will be due on **SEPTEMBER 01, 2016**, and monthly on the same date thereafter.

My payment schedule for the modified Loan is as follows:

Interest will accrue on the New Principal Balance at the rate of **4.500%** annually. The monthly payment amount for principal and interest will be **$923.89**, which is an amount sufficient to amortize the New Principal Balance over a period of **480** months.

The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including, but not limited to, provisions for an adjustable or step interest rate.

D. (i) The New Principal Balance, and (ii) any other amounts still due under the Loan Documents, will be paid by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire New Principal Balance, or the Maturity Date.

E. I will be in default if (i) monthly payments are not made in full on the date they are due, or (ii) comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the New Principal Balance will be the rate set forth in Section 2.C.

3. **Additional Agreements.** I agree to the following:

A. That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

B. To comply, except to the extent that they are modified by this Agreement, or by the U.S. Bankruptcy Code, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

C. That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms.

D. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, or by the U.S. Bankruptcy Code, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, or by the U.S. Bankruptcy Code, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

CR43862
WF026

LOAN MODIFICATION AGREEMENT - ver. 07_21_2016_11_01_19

(page 2 of 6 pages)



Loan Number

E. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which all sums secured by the Mortgage will come due. If payment of these sums is not made prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

F. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

G. If any document is lost, misplaced, misstated, or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

I. That, if Borrower is in bankruptcy upon execution of this document, Borrower will cooperate fully with Lender in obtaining any required Bankruptcy Court and trustee approvals in accordance with local court rules and procedures. Borrower understands that if such approvals are not received, then the terms of this Agreement will be null and void. If this Agreement becomes null and void, the terms of the original Loan Documents shall continue in full force and effect and such terms shall not be modified by this Agreement.

J. If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

K. That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement. If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

CR43862
WF026

LOAN MODIFICATION AGREEMENT - ver. 07_21_2016_11_01_19

(page 3 of 6 pages)



Loan Number

L. I acknowledge and agree that if the Lender executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

(SIGNATURES CONTINUE ON FOLLOWING PAGES)

CR43862
WF026

LOAN MODIFICATION AGREEMENT -   ver. 07_21_2016_11_01_19

(page 4 of 6 pages)



Loan Number ▮

## TO BE SIGNED BY BORROWER ONLY

**BORROWER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And HOSSIEN REZAIAN and AFAGH MOHAMMADREZA, LOAN NUMBER ▮ WITH A MODIFICATION EFFECTIVE DATE OF September 01, 2016

In Witness Whereof, the Borrower(s) have executed this agreement.

_____    Date: 8/5/16
Borrower - HOSSIEN REZAIAN

_____    Date: 8/5/16
Borrower - AFAGH MOHAMMADREZA

LOAN MODIFICATION AGREEMENT -   ver. 07_21_2016_11_01_19

CR43862
WF026

*(page 5 of 6 pages)*

Loan Number ▓▓▓▓▓

## TO BE SIGNED BY LENDER ONLY

**LENDER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And HOSSIEN REZAIAN and AFAGH MOHAMMADREZA, LOAN NUMBER ▓▓▓▓▓ WITH A MODIFICATION EFFECTIVE DATE OF September 01, 2016

In Witness Whereof, the Lender has executed this Agreement.

Lender

JPMORGAN CHASE BANK, N.A.

By: _____

Printed Name: Keiyada Marvin
Vice President

Date: 8-19-16

LOAN MODIFICATION AGREEMENT - ver. 07_21_2016_11_01_19

CR43862
WF026

(page 6 of 6 pages)



Loan Number ▬▬▬

# LOAN MODIFICATION AGREEMENT

Borrower ("I")[1]: **HOSSIEN REZAIAN and AFAGH MOHAMMADREZA**
Lender ("Lender"): **JPMORGAN CHASE BANK, N.A.**
Date of First Lien Security Instrument ("Mortgage") and Note ("Note"): **NOVEMBER 22, 2011**
Loan Number: ▬▬▬ ("Loan")
Property Address: **14029 S CANDY PULL DR, DRAPER, UTAH 84020** ("Property")

If my representations in Section 1 continue to be true in all material respects, then the provisions of Section 2 of this Loan Modification Agreement ("Agreement") will, as set forth in Section 2, amend and supplement (i) the Mortgage on the Property, and (ii) the Note secured by the Mortgage. The Mortgage and Note together, as may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement have the meaning given to them in the Loan Documents.

I have provided confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement. This Agreement will not take effect unless and until the Lender signs it.

1. **My Representations.** I represent to the Lender and agree:
   A. I am experiencing a financial hardship and, as a result, am either in default under the Loan Documents or a default is imminent.

   B. The Property is neither in a state of disrepair, nor condemned.

   C. There has been no change in the ownership of the Property since I signed the Loan Documents.

   D. I am not a party to any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action.

   E. I have provided documentation for **all** income that I earn.

   F. All documents and information I provide pursuant to this Agreement are true and correct.

2. **The Modification.** The Loan Documents are hereby modified as of **SEPTEMBER 01, 2016** ("Modification Effective Date"), and all unpaid late charges are waived. The Loan Documents will be modified, and the first modified payment will be due on the date set forth in this Section 2:

   A. The Maturity Date will be: **AUGUST 01, 2056**.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) and may include amounts toward taxes, insurance, or other assessments. The new principal balance of my Note is **$205,508.10** ("New Principal Balance").

   C. The Interest Bearing Principal Balance will re-amortize over **480** months.

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa, where appropriate.

CR43862
WF026

LOAN MODIFICATION AGREEMENT - ver. 07_21_2016_11_01_19

(page 1 of 6 pages)




Loan Number ▮▮▮▮▮▮▮

Interest will begin to accrue as of **AUGUST 01, 2016**. The first new monthly payment on the New Principal Balance will be due on **SEPTEMBER 01, 2016**, and monthly on the same date thereafter.

My payment schedule for the modified Loan is as follows:

Interest will accrue on the New Principal Balance at the rate of **4.500%** annually. The monthly payment amount for principal and interest will be **$923.89**, which is an amount sufficient to amortize the New Principal Balance over a period of **480** months.

The above terms in this Section 2.C shall supersede any provisions to the contrary in the Loan Documents, including, but not limited to, provisions for an adjustable or step interest rate.

D.  (i) The New Principal Balance, and (ii) any other amounts still due under the Loan Documents, will be paid by the earliest of the date I sell or transfer an interest in the Property, subject to Section 3.E below, the date I pay the entire New Principal Balance, or the Maturity Date.

E.  I will be in default if (i) monthly payments are not made in full on the date they are due, or (ii) comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the New Principal Balance will be the rate set forth in Section 2.C.

3.  **Additional Agreements.** I agree to the following:

A.  That this Agreement shall supersede the terms of any modification, forbearance, or workout plan, if any, that I previously entered into with the Lender.

B.  To comply, except to the extent that they are modified by this Agreement, or by the U.S. Bankruptcy Code, with all covenants, agreements, and requirements of the Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, impounds, and all other payments, the amount of which may change periodically over the term of my Loan. This Agreement does not waive future escrow requirements. If the Loan includes collection for tax and insurance premiums, this collection will continue for the life of the Loan.

C.  That the Loan Documents are composed of valid, binding agreements, enforceable in accordance with their terms.

D.  That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, or by the U.S. Bankruptcy Code, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, or by the U.S. Bankruptcy Code, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.

CR43862
WF026

LOAN MODIFICATION AGREEMENT -   ver. 07_21_2016_11_01_19

*(page 2 of 6 pages)*



Loan Number

E. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, the Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If the Lender exercises this option, the Lender shall give me notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which all sums secured by the Mortgage will come due. If payment of these sums is not made prior to the expiration of this period, the Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

F. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

G. If any document is lost, misplaced, misstated, or inaccurately reflects the true and correct terms and conditions of the Loan Documents as amended by this Agreement, within ten (10) days after my receipt of the Lender's request, I will execute, acknowledge, initial, and deliver to the Lender any documentation the Lender deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). If I fail to do so, I will be liable for any and all loss or damage which the Lender reasonably sustains as a result of my failure.

H. All payment amounts specified in this Agreement assume that payments will be made as scheduled.

I. That, if Borrower is in bankruptcy upon execution of this document, Borrower will cooperate fully with Lender in obtaining any required Bankruptcy Court and trustee approvals in accordance with local court rules and procedures. Borrower understands that if such approvals are not received, then the terms of this Agreement will be null and void. If this Agreement becomes null and void, the terms of the original Loan Documents shall continue in full force and effect and such terms shall not be modified by this Agreement.

J. If the Borrower(s) received a discharge in a Chapter 7 bankruptcy subsequent to the execution of the Loan Documents, the Lender agrees that such Borrower(s) will not have personal liability on the debt pursuant to this Agreement.

K. That in agreeing to the changes to the original Loan Documents as reflected in this Agreement, the Lender has relied upon the truth and accuracy of all of the representations made by the Borrower(s), both in this Agreement and in any documentation provided by or on behalf of the Borrower(s) in connection with this Agreement. If the Lender subsequently determines that such representations or documentation were not truthful or accurate, the Lender may, at its option, rescind this Agreement and reinstate the original terms of the Loan Documents as if this Agreement never occurred.

LOAN MODIFICATION AGREEMENT - ver. 07_21_2016_11_01_19

CR43862
WF026

(page 3 of 6 pages)



Loan Number ▆▆▆▆▆▆

L. I acknowledge and agree that if the Lender executing this Agreement is not the current holder or owner of the Note and Mortgage, that such party is the authorized servicing agent for such holder or owner, or its successor in interest, and has full power and authority to bind itself and such holder and owner to the terms of this modification.

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

(SIGNATURES CONTINUE ON FOLLOWING PAGES)

CR43862
WF026

LOAN MODIFICATION AGREEMENT -   ver. 07_21_2016_11_01_19

(page 4 of 6 pages)



Loan Number ▮

## TO BE SIGNED BY BORROWER ONLY

**BORROWER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And HOSSIEN REZAIAN and AFAGH MOHAMMADREZA, LOAN NUMBER ▮ WITH A MODIFICATION EFFECTIVE DATE OF September 01, 2016

In Witness Whereof, the Borrower(s) have executed this agreement.

_____   Date: 8/5/16
Borrower - HOSSIEN REZAIAN

_____   Date: 8/5/16
Borrower - AFAGH MOHAMMADREZA

LOAN MODIFICATION AGREEMENT -   ver. 07_21_2016_11_01_19

CR43862
WF026

*(page 5 of 6 pages)*

Loan Number ▮

## TO BE SIGNED BY LENDER ONLY

**LENDER** SIGNATURE PAGE TO MODIFICATION AGREEMENT BETWEEN JPMORGAN CHASE BANK, N.A. And HOSSIEN REZAIAN and AFAGH MOHAMMADREZA, LOAN NUMBER ▮ WITH A MODIFICATION EFFECTIVE DATE OF September 01, 2016

In Witness Whereof, the Lender has executed this Agreement.

Lender

JPMORGAN CHASE BANK, N.A.

By: _____

Printed Name:
          Keiyada Marvin
          Vice President

Date: _____8-19-16_____

LOAN MODIFICATION AGREEMENT -   ver. 07_21_2016_11_01_19

CR43862
WF026

(page 6 of 6 pages)